# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHINISE N. HOBSON,

                        Plaintiff(s),

            -against-

BJ'S WHOLESALE CLUB, INC.,

                        Defendant(s).

Filed:

Index No.:

Plaintiff designates Bronx
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
3003 Wallace Avenue 6
Bronx, NY 10467

### To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated:    Queens, New York
          July 27, 2020

                                        SACCO & FILLAS, LLP
                                        By: Hariharan Krishnaraj, Esq.
                                        Attorneys for Plaintiff(s)
                                        **CHINISE N. HOBSON**

SACCO & FILLAS, LLP

31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 23345-19

**DEFENDANTS**:

BJ's Wholesale Club, Inc
825 Pelham Parkway
Pelham, NY 10803

Department of State
DOS Process to:
C T Corporation System
111 Eighth Avenue
New York, NY 10011

C T Corporation System
28 Liberty Street
New York, NY 10005

BJ's Wholesale Club, Inc.
25 Research Drive
Westborough, MA 01581

**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

CHINISE N. HOBSON,

                    Plaintiff(s),                Index No.:

       -against-

                                     **VERIFIED COMPLAINT**

BJ'S WHOLESALE CLUB, INC.,

                    Defendant(s).

---

Plaintiff, by her attorneys, **SACCO & FILLAS, LLP**, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, CHINISE N. HOBSON, at all times herein mentioned was and still is a resident of the County of Bronx, City and the State of New York.

2. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned, was and still is a Foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business situated in the State of Massachusetts.

3. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned conducted and carried on business in the County of Bronx, City and the State of New York.

5. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned was and still is a partnership doing business in the County of Bronx, City and the State of New York.

6. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned was

SACCO & FILLAS, LLP

and still is a limited liability partnership doing business in the County of Bronx, City and the State of New York.

7. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned was and still is a limited liability company doing business in the County of Bronx, City and the State of New York.

8. The defendant, BJ's WHOLESALE CLUB, INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Bronx, City and the State of New York.

9. At all times herein mentioned, defendant, BJ's WHOLESALE CLUB, INC., transacted business within the State of New York.

10. At all times herein mentioned, defendant, BJ's WHOLESALE CLUB, INC., derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant, BJ's WHOLESALE CLUB, INC., expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant, BJ's WHOLESALE CLUB, INC., derived substantial revenue from interstate or international commerce.

13. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., owned the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

14. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., was one of the owners of the premises located at 825

2

SACCO & FILLAS, LLP

Case 1:21-cv-05467-NRB Document 1-1 Filed 06/22/21 Page 6 of 13

Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

15. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., was a lessee of the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

16. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., was a lessor of the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

17. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees operated the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

18. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees maintained the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

19. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees managed the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

20. On or before November 3, 2019 and at all times herein mentioned, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees controlled the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

21. On or before November 3, 2019, and at all times herein mentioned, the defendant, BJ's

3

SACCO & FILLAS, LLP

WHOLESALE CLUB, INC., defendant's servants, agents and/or employees supervised the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

22. On or before November 3, 2019, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees repaired the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

23. On or before November 3, 2019, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees inspected the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

24. On or before November 3, 2019, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees constructed the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

25. On or before November 3, 2019, the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees designed the premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York.

26. At all times herein mentioned, it was the duty of the defendant, BJ's WHOLESALE CLUB, INC., defendant's servants, agents and/or employees to maintain said premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York, in a reasonably safe and suitable condition and in good repair.

27. Defendant had both actual and constructive notice. Actual notice in that the defendant, its agents, servants and/or employees had actual knowledge and/or caused and created the complained of condition, constructive notice in that the condition existed for a long and unreasonable period of time.

28. The defendant is liable pursuant to the doctrine of *Res Ipsa Loquitur*.

4

SACCO & FILLAS, LLP

29. That on or before November 3, 2019, while the plaintiff, CHINISE N. HOBSON, was lawfully upon the defendant's premises located at 825 Pelham Parkway, Pelham, New York, County of Westchester and State of New York, she was caused to slip/trip/fall by a dangerous, hazardous and unsafe condition of the floor located at the subject premises, causing her to sustain grievous personal injuries with attendant special damage.

30. Solely as a result of the defendant's negligence, carelessness and recklessness, Plaintiff, CHINISE N. HOBSON, was caused to suffer severe and serious personal injuries to mind and body, and further, that CHINISE N. HOBSON was subjected to great physical pain and mental anguish.

31. The aforesaid occurrence was caused by the negligence of the defendant, without any culpable conduct on the part of Plaintiff, CHINISE N. HOBSON.

32. By reason of the foregoing, CHINISE N. HOBSON was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and CHINISE N. HOBSON will be permanently caused to suffer pain, inconvenience and other effects of such injuries; CHINISE N. HOBSON incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and CHINISE N. HOBSON will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to her great damage.

33. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to his usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required

5

SACCO & FILLAS, LLP

INDEX NO. 28232/2020E
Case 1:21-cv-05467-NRB   Document 1-1   Filed 06/22/21   Page 9 of 13
RECEIVED NYSCEF: 07/31/2020

to expend additional sums of money for medical care in the future to attend to his injuries which he believes to be of a permanent nature.

34. As a result of the foregoing negligence of the defendant, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

35. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

36. Due to defendant's negligence, plaintiff is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.


**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.


Dated: Astoria, New York
July 27, 2020


By: Hariharan Krishnaraj
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff(s)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102


6

SACCO & FILLAS, LLP

(718) 746-3440
Our File # 23622-20

TO:

**<u>DEFENDANTS</u>:**

BJ's Wholesale Club, Inc
825 Pelham Parkway
Pelham, NY 10803

Department of State
DOS Process to:
C T Corporation System
111 Eighth Avenue
New York, NY 10011

C T Corporation System
28 Liberty Street
New York, NY 10005

BJ's Wholesale Club, Inc.
25 Research Drive
Westborough, MA 01581

7

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHINISE N. HOBSON

                     Plaintiff(s),                            Index No.:

               -against-

BJ'S WHOLESALE CLUB, INC

**ATTORNEY'S
VERIFICATION**

                     Defendant(s).

     Hariharan Krishnaraj, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

     I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

     I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

     This verification is made by affirmant and not by plaintiff because she is not in the County of Queens, which is the County where your affirmant maintains offices.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Queens, New York
       July 27, 2020

                                 Hariharan Krishnaraj

8

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHINESE N. HOBSON

                    Plaintiff(s),

            -against-

BJ'S WHOLESALE CLUB, INC

                    Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SUMMONS and VERIFIED COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:   Queens, NY
         July 27, 2020

                                    Signature: _____
                                               By: Hariharan Krishnaraj, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff(s)
Chinese N. Hobson
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 23345-19

9